MARC Y. LAZO, SBN: 215998
K&L LAW GROUP, P.C.
2646 Dupont Drive, Suite 60340
Irvine, CA 92612
Phone No.:    (949) 216-4000
Fax No.:    (800) 596-0370

Attorneys for Plaintiff K&L LAW GROUP, P.C.,

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Steve Yuk Kin Woo,<br><br>    Debtors.<br>_____<br><br>K&L Law Group, P.C.,<br><br>    Plaintiff<br>    v.<br><br>Steve Yuk Kin Woo,<br><br>    Defendant.<br>_____ | Case No: 8:21-BK-10768-MW<br><br>Chapter 7<br><br>Adversary Proceeding No. _____<br><br>**COMPLAINT TO DETERMINE (1) NON-DISCHARGEABILITY OF DEBT AND OBJECTION TO DISCHARGE OF DEBTOR PURSUANT TO 11 U.S.C. § 523(a)(3), 11 U.S.C. § 727(a)(2)(A) and (B) and 11 U.S.C. § 727(a)(4)** |

Comes now, K&L LAW GROUP, P.C. ("Plaintiff"), in the above-captioned bankruptcy case, by and through their attorneys of record, K&L Law Group, P.C., files this adversary complaint pursuant to Bankruptcy Rule 7001(4) and 7001(6), 11 U.S.C. §523(a)(3), 11 U.S.C. §727(a)(2)(A) and (B) and 11 U.S.C. § 727(a)(4) against Defendant STEVE YUK KIN WOO ("Defendant") as follows:

## JURISDICTION AND VENUE

1.    This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I) and §157(b)(2)(J).

-1-

COMPLAINT TO DETERMINE (1) NON-DISCHARGEABILITY OF DEBT AND OBJECTION TO DISCHARGE OF DEBTOR

2. Defendant filed a voluntary Chapter 7 bankruptcy proceeding on March 25, 2021, seeking relief in the United States District Court, Central District of California, Case No. 8:21-bk-10768-MW.

3. As of the date of this Complaint, Defendant has not been granted a discharge.

4. This complaint is timely because the date by which a complaint objecting to the Debtor's discharge or to determine dischargeability of a debt is July 6, 2021.

5. This court has jurisdiction over the subject matter and the parties of this adversary proceeding pursuant to 28 U.S.C. §1334; 11 U.S.C. §523 and 727, and Bankruptcy Rule 7001.

6. Venue is proper in the Central District of California pursuant to 28 U.S.C. §1408(1) and 1409(a) as this is a proceeding arising in a case commenced by the Debtor and filed in the Central District of California under chapter 7 of the Bankruptcy Code, Case No. 8:21-bk-10768-MW.

**PRELIMINARY STATEMENT**

7. Plaintiff brings this action pursuant to 11 U.S.C. § 523(a)(3) which provides in pertinent part that:

> "(a)  A discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> (3)  neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
>
> (A)  if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
>
> (B)  if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;"

8. Plaintiff also brings this complaint pursuant to 11 U.S.C. § 727(a)(2)(A) and (B), which provides in pertinent part, that:

> "(a)  The court shall grant the debtor a discharge, unless—

-2-

COMPLAINT TO DETERMINE (1) NON-DISCHARGEABILITY OF DEBT AND OBJECTION TO DISCHARGE OF DEBTOR

  (2)  the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

  (A)  property of the debtor, within one year before the date of the filing of the petition; or

  (B)  property of the estate, after the date of the filing of the petition;"

9.  In addition, Plaintiff brings this complaint pursuant to 11 U.S.C. 727(a)(4) which provides in pertinent part:

  "(a)  The court shall grant the debtor a discharge, unless—

  (4)  the debtor knowingly and fraudulently, in or in connection with the case—

  (A)  made a false oath or account;

  (B)  presented or used a false claim;

  (C)  gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or

  (D)  withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;

10.  Plaintiff seeks judgment for, *inter alia*, denial of Defendant's discharge and for a determination that Defendant's debt to Plaintiff is deemed non-dischargeable pursuant to 11 U.S.C. §523 and §727 as provided herein.

## **FACTUAL ALLEGATIONS**

11.  Attorney Marc Lazo previously represented Defendant in several litigation and bankruptcy matters, including, but not limited to, *Szeto v. Woo,* bearing San Bernardino Superior Court Case No. CIVDS1413256, *Pacific Mercantile Bank v. Steve Yuk Woo*, Orange County Superior Court Case No. 30-2014-00762327-CU-CO-CJC and *In Re EQD Corporation*, United States Bankruptcy Court, Central District of California, Case No. 8:14-bk-15778-ES.

-3-

12. Defendant owes attorney's fees to Marc Lazo for his representation of Defendant in the above referenced matters.

13. On July 20, 2018, Defendant filed a Verified Complaint against Kent Salveson, EQD, LLC, and Clear Sun, Inc., in the Orange County Superior Court in the matter entitled *Woo v. Salveson, et al.,* bearing Orange County Superior Court Case No. 30-2018-01008631-CU-CO-CJC, for Breach of Contract, Fraud, Breach of Fiduciary Duty, Negligence (legal malpractice) and defamation ("Woo Matter"). The Woo Matter is an unlimited matter wherein Defendant is seeking damages in excess of $25,000.

14. On May 12, 2020, Marc Lazo filed a Notice of Attorney Lien ("Lien") in the Woo Matter against all proceeds on any settlement or judgment rendered in favor of Defendant to satisfy the outstanding fees due in the above matters.

15. Shortly after May 12, 2020, Marc assigned the Lien in the Woo Matter to his law firm K&L Law Group, P.C., in which he is a shareholder ("Assignment"). Accordingly, Plaintiff is a creditor to Defendant by virtue of the Assignment.

16. On or about April 1, 2021, Plaintiff was informed that Defendant filed a Notice of Stay in the Woo Matter pending the within bankruptcy petition filed on March 25, 2021 (DOC 1).

17. Defendant concealed and failed to identify the matter of *Woo v. Salveson* as an asset in Section 33 of his Bankruptcy Petition (DOC 1, Page 15 of 73), in violation of 11 U.S.C. §727(a)(2), (4); see also *Hamilton v. State Farm Fire Cas. Co.,* 270 F. 3d 778, 785 (9th Cir. 2001) (a bankruptcy petition must disclose "all assets, including contingent and unliquidated claims," such as potential lawsuits) and *United States v. Whiting Pools,* 462 US 198 205 n. 9 (1983) (a lawsuit based on events occurring prior to the filing of a bankruptcy petition is a claim existing as of the date the petition is filed; accordingly, the claim is property of the estate under 11 USC §541(a)(1).).

18. Additionally, notwithstanding the filing of the Lien in the Woo Matter, Defendant intentionally concealed and failed to identify Marc Lazo or K&L Law Group, P.C., as a liability/creditor in his bankruptcy schedules, in violation of 11 U.S.C. §727(a)(2), (4); See *In re Beezley,* 994 F. 2d 1433, 1437, 1441 (9th Cir. 1993) (when a debtor fails to schedule a liability within his bankruptcy schedules, the creditor can seek later to have the liability declared non-dischargeable.)

19. Plaintiff is informed and believes that Defendant purposefully and intentionally omitted the Woo Matter and pending Lien in the Woo Matter to conceal this asset from this Court so he can simply pocket any settlement or judgment and never make a single payment to any of the creditors, including Plaintiff.

## FIRST CAUSE OF ACTION

(Against Defendant)
For a Determination that Defendant's Debts are not Dischargeable
Pursuant to 11 U.S.C. § 523(a)(3)

20. Plaintiff incorporates by reference the allegations contained above, as though set forth fully herein.

21. 11 U.S.C. § 523(a)(3) which provides in part that:

"(a) A discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;"

22. Defendant knew or should have known that Marc Lazo or K&L Law Group, P.C., was a creditor by virtue of the filing of the Lien in the Woo Matter. Notwithstanding, Defendant purposefully and intentionally failed to identify Marc Lazo or K&L Law Group, P.C., as a liability/creditor in his bankruptcy schedules, in violation of 11 U.S.C. §727(a)(2), (4); See *In re Beezley,* 994 F. 2d 1433, 1437, 1441 (9th Cir. 1993) (when a debtor fails to schedule a liability within his bankruptcy schedules, the creditor can seek later to have the liability declared non-dischargeable.)

23. Accordingly, pursuant to 11 U.S.C. § 523(a)(3) Defendant is not entitled to discharge. Additionally, this court should not grant Defendant a discharge as the debtor intended to hinder, delay, defraud Plaintiff, and conceal the Lien. 11 U.S.C. § 727(a)(2)(A) and (B)

**SECOND CAUSE OF ACTION**
**(**Against Defendant)
For a Determination that Defendant's Debts are not Dischargeable
Pursuant to 11 U.S.C. § 727(a)(2)(A) and (B)

24. Plaintiff incorporates by reference the allegations contained above, as though set forth fully herein.

25. Pursuant to 11 U.S.C. § 727(a)(2)(A) and (B), which provides in part, that:

"(a)    The court shall grant the debtor a discharge, unless—

(2)    the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A)    property of the debtor, within one year before the date of the filing of the petition; or

(B)    property of the estate, after the date of the filing of the petition;"

26. Defendant concealed and hid from this Court the Woo Matter, an asset in excess of $25,000 (unlimited jurisdictional amount of Woo Matter), in violation of 11 U.S.C. §727(a)(2), (4); see also *Hamilton v. State Farm Fire Cas. Co.,* 270 F. 3d 778, 785 (9th Cir. 2001) (a bankruptcy petition must disclose "all assets, including contingent and unliquidated claims," such as potential lawsuits) and *United States v. Whiting Pools,* 462 US 198 205 n. 9 (1983) (a lawsuit based on events occurring prior to the filing of a bankruptcy petition is a claim existing as of the date the petition is filed; accordingly, the claim is property of the estate under 11 USC §541(a)(1).).

27. The Woo Matter was filed on July 30, 2018, and was currently pending when Defendant filed his bankruptcy petition on March 25, 2021. In fact, Defendant filed a Notice of Stay in the Woo Matter on April 1, 2021, after he filed his bankruptcy petition. As such, Defendant knew or should have known that he was to disclose the Woo Matter as an asset on his bankruptcy petition, Par 33 (DOC

1, Page 15 of 73), but concealed this fact and selected "no" when asked whether he had any "[c]laims against third parties, whether or not [Defendant has] filed a lawsuit or made a demand for payment", in violation of 11 U.S.C. §727(a)(2), (4);  See *In re Beezley,* 994 F. 2d 1433, 1437, 1441 (9th Cir. 1993) (when a debtor fails to schedule a liability within his bankruptcy schedules, the creditor can seek later to have the liability declared non-dischargeable.)

28.  Accordingly, pursuant to 11 U.S.C. § 523(a)(3) Defendant is not entitled to discharge. Additionally, this court should not grant Defendant a discharge as the debtor intended to hinder, delay, defraud Plaintiff, and conceal the Lien. 11 U.S.C. § 727(a)(2)(A) and (B)

**THIRD CAUSE OF ACTION**
**(**Against Defendant)
For a Determination that Defendant's Debts are not Dischargeable
Pursuant to 11 U.S.C. § 727(a)(4)

29.  Plaintiff incorporates by reference the allegations contained above, as though set forth fully herein.

30.  pursuant to 11 U.S.C. 727(a)(4) which provides in part:

"(a)  The court shall grant the debtor a discharge, unless—

(4)  the debtor knowingly and fraudulently, in or in connection with the case—

(A)  made a false oath or account;

(B)  presented or used a false claim;

(C)  gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or

(D)  withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;

31.  Defendant knowingly and fraudulently made a false oath, filed a false claim/petition and withheld information from this Court by intentionally and purposefully failing to disclose the Woo Matter (as an asset) and identify the Lien filed in the Woo Matter by listing Marc Lazo or K&L Law

Group, P.C., as a creditor. "A discharge in bankruptcy is a privilege, nor a right, and should only inure to the benefit of the honest debtor." *Matter of Juzwiak,* 89 F. 3d 424, 427 (7th Cir. 1996). Bankruptcy law will not tolerate a dishonest debtor. See *Kentile Floors v. Winham,* 440 F. 2d 1128, 1131 (9th Cir. 1971).

32. Accordingly, pursuant to 11 U.S.C. § 523(a)(3) Defendant is not entitled to discharge. Additionally, this court should not grant Defendant a discharge as the debtor intended to hinder, delay, defraud Plaintiff, and conceal the Lien. 11 U.S.C. § 727(a)(2)(A) and (B).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this court assume jurisdiction in this entire matter and enter judgment in favor of Plaintiff as follows:

1. For a judgment and order denying Defendant a discharge pursuant to 11 USC §523(a)(3), 11 USC §727(a)(2)(A) and (B) and 11 USC §727 (a)(4);

2. For a judgment and order determining that the debts owed by the Defendant to Plaintiff in an amount according to proof, are not dischargeable pursuant to 11 USC §523(a)(3), 11 USC §727(a)(2)(A) and (B) and 11 USC §727 (a)(4);

3. For costs and attorney's fees incurred herein, and

4. For such other and further relief this court deems just and proper.

Dated: July 6, 2021        K&L LAW GROUP, P.C.

By: _____
MARC Y. LAZO
*Attorney for Plaintiff*